**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**EVER ANTONIO SARAVIA LEMUS,**

    **Petitioner,**

        **v.**                                  **Civil Action No. 3:26cv418**

**MARCOS CHARLES,** *et al.,*

    **Respondents.**

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner Ever Antonio Saravia Lemus'

("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition").

(ECF No. 1.)  In the Petition, Mr. Saravia Lemus challenges his detention by Immigration and

Customs Enforcement ("ICE"), arguing that ICE's failure to provide him with a bond hearing

under 8 U.S.C. § 1226 violates his statutory right to such a hearing and his constitutional right to

due process under the Fifth Amendment to the United States Constitution.[1]  (ECF No. 1 ¶¶ 27–

32; ECF No. 7, at 2.)[2]

---

[1] The Fifth Amendment to the United States Constitution provides, in pertinent part:

> No person shall . . . be deprived of life, liberty or property without due
> process of law.

U.S. Const. amend. V.

[2] As explained below, Petitioner originally argued that Respondents unlawfully detained him in that they violated the final judgment in a nationwide class action entered by the United States District Court for the Central District of California, which recently declared ICE's policy of mandatory detention unlawful. (ECF No. 1 ¶¶ 1–10.); *see Bautista v. Santacruz,* 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment stayed in part, Bautista v. Dep't Homeland Sec'y,* No. 26-1044, ECF No. 17 (9th Cir. Mar. 31, 2026).  When the Court ordered Respondents to respond to the Petition, (ECF No. 3), Respondents contended that the Court should incorporate the parties'

For the reasons articulated below, the Court will grant the Petition. (ECF No. 1.) The Court will order Respondents to provide Mr. Saravia Lemus with a bond hearing under 8 U.S.C. § 1226(a).

## I. Factual and Procedural Background

### A.        Factual Background[3]

Mr. Saravia Lemus "is or is alleged to be" a citizen of El Salvador. (ECF No. 1 ¶ 19.) On or about September 1, 1998, Mr. Saravia Lemus entered the United States without inspection and was not apprehended upon arrival. (ECF No. 1 ¶ 5.) Petitioner has resided continuously in the United States for approximately twenty-eight years. (ECF No. 1 ¶ 19.) Since his arrival in the United States, Petitioner asserts that he "may" have "some past criminal history," including a "possible charge of theft" and a charge of possession of marijuana. (ECF No. 1 ¶ 19.) Mr. Saravia Lemus is the primary financial provider and caretaker of his wife, Karla Johana Morales Galvan, who is a United States citizen. (ECF No. 1 ¶ 19.) Ms. Morales Galvan has suffered

---

briefing in *Duarte Escobar v. Perry*, 3:25-cv-758 (E.D. Va. 2025), into the present matter, (ECF No. 5, at 1). The Court then ordered Mr. Saravia Lemus to state his position as to whether incorporation of that briefing would be appropriate. (ECF No. 6.)

Petitioner responded to the Court's order and agreed that incorporation of the parties' briefing in *Duarte Escobar* was appropriate here. (ECF No. 7, at 2.) Accordingly, Petitioner argues, by way of the incorporated briefing, not only that Respondents deny him access to a bond hearing as a result of the decision in *Bautista*, but also because Respondents have violated his statutory right to such a hearing and his constitutional right to due process under the Fifth Amendment.

[3] As discussed below, the Court proceeds by dispensing with additional briefing and incorporating Respondents' filings in this Court's decision in *Duarte Escobar v. Perry*, 3:25-cv-758 (MHL) (E.D. Va. 2025). Respondents have recently represented to the Court that "the factual and legal issues presented in the Habeas Petition do not differ in any material fashion from those presented in *Duarte Escobar*." (ECF No. 5, at 1.) Accordingly, the Court's recitation of the factual background relies on the facts as alleged in the Petition.

"severe physical and emotional trauma and hardship" due to Mr. Saravia Lemus' arrest and detention since April 6, 2026. (ECF No. 1 ¶ 19.)

On April 6, 2026, ICE officials apprehended Petitioner "near his home in Culpeper, Virginia, as he was leaving his home to go to a worksite." (ECF No. 1 ¶¶ 5, 19.) ICE officials then "placed him in removal proceedings" and charged him as inadmissible under the Immigration and Nationality Act ("INA") as an "immigrant who entered the United States without inspection or parole" and as one "who at the time of application for admission [was] not in possession of a valid unexpired immigrant visa." (ECF No. 1 ¶ 6 (citing 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I)).) Mr. Saravia Lemus is currently detained at the Farmville Detention Center under 8 U.S.C. § 1225(b)(2). (ECF No. 1 ¶¶ 19.)

## B.    Procedural Background

On May 13, 2026, Mr. Saravia Lemus filed the instant Petition. (ECF No. 1.) In the Petition, Mr. Saravia Lemus argues that he is "entitled to consideration for release on bond under 8 U.S.C. § 1226(a)" because he is "a member of the Bond Eligible Class" certified by the United States District Court for the Central District of California in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025). (ECF No. 1 ¶ 28.)

On May 15, 2026, this Court ordered Respondents to address Mr. Saravia Lemus' Petition. (ECF No. 3.) On May 20, 2026, Respondents timely filed a response to the Petition, in which they "notif[ied] the Court that the factual and legal issues presented in the [] Petition do not differ in any material fashion from those presented" in this Court's decision in *Duarte Escobar v. Perry*, No. 3:25-cv-758 (MHL) (E.D. Va. 2025). (ECF No. 5, at 1.)

On May 27, 2026, the Court issued an Order explaining that "[t]his Court has on several occasions incorporated the filings in *Duarte Escobar* into the record 'when [i]t appear[ed] to

3

th[e] Court that the factual circumstances and legal issues presented in [a] [p]etition [were] materially identical to those presented in Duarte Escobar.'" (ECF No. 6, at 1 (citing *Espinoza Camacho v. Perry*, No. 3:26-cv-76 (MHL), ECF No. 3, at 1 (E.D. Va. Jan. 30, 2026)) (alterations in original).) The Court added, however, that Petitioner raised "in the Petition a ground for relief not covered in *Duarte Escobar*, namely his entitlement to a bond hearing" as a result of the *Bautista* court's decision. (ECF No. 6, at 2.) Accordingly, the Court ordered Petitioner to "explain[] his position as to whether the Court should incorporate the petitioner's briefing from *Duarte Escobar* into the present matter." (ECF No. 6, at 2.)

On June 1, 2026, Petitioner timely filed a response to the Court's May 27, 2026 Order, in which he explained that while he "has also requested relief as a member of the bond eligible class under *Bautista*," he seeks "relief identical to that sought by the petitioner in *Duarte Escobar*." (ECF No. 7, at 2.) Mr. Saravia Lemus therefore "agree[d] that the incorporation of the record of *Duarte Escobar* into the record in this matter is appropriate at this time." (ECF No. 7, at 2.)

The Court incorporates the parties' merits briefing in *Duarte Escobar* into the record. *See Duarte Escobar*, No. 3:25-cv-758 (MHL), ECF Nos. 16, 18, 19, 20 (E.D. Va. 2025). The Court also dispenses with any further briefing by the parties.

## II. Standard of Review

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets

4

omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

### III.  Analysis

The central question posed in Mr. Saravia Lemus' Petition is whether he is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a)[4] or whether he is subject to the mandatory

---

[4] 8 U.S.C. § 1226 provides, in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

> (1) may continue to detain the arrested alien; and

> (2) may release the alien on—

>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

>> (B) conditional parole.

8 U.S.C. § 1226(a)(1)–(2).

detention provision of 8 U.S.C. § 1225(b)(2)(A).[5]  Petitioner contends that 8 U.S.C. § 1226

entitles him to a bond hearing.  Specifically, Mr. Saravia Lemus argues that (1) he is entitled to a

bond hearing under § 1226(a) as a member of the class certified in *Bautista*, (ECF No. 1 ¶ 28);

(2) the discretionary detention provisions of 8 U.S.C. § 1226(a) entitle him to a bond hearing,

(*Duarte Escobar*, ECF No. 1 ¶ 43–44); and, (3) his Fifth Amendment due process rights bolster

his entitlement to such a hearing, (*Duarte Escobar*, ECF No. 1 ¶¶ 53–58).

In opposition, Respondents rely on their arguments incorporated by this Court from

*Duarte Escobar v. Perry*, 807 F. Supp. 3d 564 (E.D. Va. 2025).[6]  Here, as in *Duarte Escobar*,

---

[5] 8 U.S.C. § 1225 provides, in pertinent part:

(b) Inspection of applicants for admission

(2) Inspection of other aliens

(A) In general

Subject to subparagraphs (B) and (C), in the case of an alien who is an
applicant for admission, if the examining immigration officer determines
that an alien seeking admission is not clearly and beyond a doubt entitled
to be admitted, the alien shall be detained for a proceeding under section
1229a of this title.

8 U.S.C. § 1225(b)(2)(A).

[6] Respondents' arguments have also been raised and decided throughout the country.  The
vast majority of courts addressing this issue have concluded that 8 U.S.C. § 1226(a) pertains,
meaning petitioners like Petitioner should receive a bond hearing. *See Cunha v. Freden*, 175
F.4th 61 (2d Cir. 2026); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at
*4–5 (E.D. Pa. Nov. 18, 2025) (noting that "of the 288 district court decisions to address the
issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those
presented here").

In addition, dozens of courts in the Eastern District of Virginia (including this Court)
have rejected Respondents' position on eminently sound bases. *See Velasquez v. Noem*,
No. 3:25-cv-998 (MHL), 2026 WL 279226, at *4 n.14 (E.D. Va. Feb. 3, 2026) (collecting thirty
cases rejecting Respondents' argument in this District alone).

Respondents insist (1) that the Court lacks jurisdiction over the Petition by virtue of two jurisdiction-stripping provisions of the INA, (*Duarte Escobar*, ECF No. 18, at 7–8); (2) that even if the Court has jurisdiction over the Petition, Mr. Saravia Lemus' detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions, (*Duarte Escobar*, ECF No. 18, at 8–20); and (3) that Mr. Saravia Lemus' constitutional due process rights have not been violated, (*Duarte Escobar*, ECF No. 18, at 20–28).[7]

The parties' arguments as to all challenges raised largely mirror those made in recent § 2241 habeas actions in the Eastern District of Virginia, including many cases decided by this Court. *See, e.g., Duarte Escobar*, 807 F. Supp. 3d 564; *Perez-Gomez v. Warden*, No. 3:25-cv-773 (MHL), 2025 WL 3141103 (E.D. Va. Nov. 10, 2025) (rejecting the same arguments made in

---

A small minority of district courts have accepted Respondents' arguments. *See, e.g., Chavez v. Noem*, 801 F. Supp. 3d 1133, 1140–41 (S.D. Cal. 2025); *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132, 1140–43 (D. Neb. 2025). These decisions do not alter this Court's determination.

Recently, the United States Courts of Appeals for the Fifth and Eighth Circuits joined the courts that are in the minority. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). These decisions are not binding here. *CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020). Moreover, the Court is unpersuaded by their reasoning for many of the reasons cogently set forth in Judge Douglas' dissent in *Buenrostro-Mendez*, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent. The United States Court of Appeals for the Fourth Circuit recently heard oral argument concerning the applicability to § 1225 to detainees like Petitioner. *See Lopez Garcia v. Guadian*, No. 25-7044, ECF No. 60 (4th Cir. May 5, 2026). Until the Fourth Circuit issues a contrary decision, this Court will continue to reject Respondents' arguments.

[7] Respondents, in their arguments as incorporated from *Duarte Escobar*, do not contend that Mr. Saravia Lemus has failed to exhaust his administrative remedies, and they therefore waive any argument on this point. The Court notes, however, that even had Respondents raised an exhaustion defense, they would not prevail, because exhausting Mr. Saravia Lemus' administrative remedies prior to filing his Petition would be futile. *See Duarte Escobar*, 807 F. Supp. 3d at 572.

*Duarte Escobar*); *Contreras-Perez v. Noem*, No. 3:25-cv-882 (MHL), 2025 WL 3281774 (E.D. Va. Nov. 25, 2025) (same); *Campos Flores v. Bondi*, No. 3:25-cv-797 (MHL), 2025 WL 3461551 (E.D. Va. Dec. 2, 2025) (same); *Velasquez v. Noem*, No. 3:26-cv-998 (MHL), 2026 WL 279226 (E.D. Va. Feb. 3, 2026) (same); *Espinoza Camacho v. Perry*, No. 3:26-cv-76 (MHL), 2026 WL 414937 (E.D. Va. Feb. 15, 2026) (same); *Avelar Ramos v. Bondi*, No. 3:26-cv-112 (MHL), 2026 WL 614875 (E.D. Va. Mar. 4, 2026); *Lopez-Diaz v. Crawford*, No. 3:25-cv-1039 (MHL), 2026 WL 625492 (E.D. Va. Mar. 6, 2026) (same); *Pacheco Tum v. Perry*, No. 3:26-cv-153 (MHL), 2026 WL 711964 (E.D. Va. Mar. 13, 2026) (same).  Respondents raise no new arguments that would compel a different outcome.

The Court concludes that while the *Bautista* court's decision has no effect on Mr. Saravia Lemus' Petition, 8 U.S.C. § 1226(a) and the Fifth Amendment independently entitle Mr. Saravia Lemus to a bond hearing.  Accordingly, the Court will grant the Petition.

## A.    <u>The Court Has Jurisdiction Over the Petition</u>

As a threshold matter, this Court has jurisdiction to consider Mr. Saravia Lemus' Petition. Respondents assert that the Court lacks subject-matter jurisdiction over the Petition because two provisions of the INA strip the Court of jurisdiction over the Petition:  8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g).  (*Duarte Escobar*, ECF No. 18, at 7–8.)

As this Court held in *Duarte Escobar*, neither 8 U.S.C. §§ 1252(b)(9)[8] nor 1252(g)[9] divests this Court of jurisdiction under 28 U.S.C. § 2241 to review Mr. Saravia Lemus' Petition. *Duarte Escobar*, 807 F. Supp. 3d at 572–75; *see also Luna Quispe v. Crawford*, No. 1:25-cv-1471 (AJT), 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025). The Court has jurisdiction to consider the merits of the Petition and proceeds to the substance of Petitioner's claim.

### B.    The *Bautista* Court's Decision Has No Bearing on the Petition Because that Litigation Has Been Stayed

With respect to the substance of Petitioner's claim, Mr. Saravia Lemus first contends that he is entitled to relief as a member of the class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025). On December 18, 2025, the *Bautista* court entered a final judgment, certifying a nationwide class of noncitizens who, having been detained by ICE, were deprived of a bond hearing despite their entitlement to such a hearing under 8 U.S.C. § 1226. *Id.* at 1127. In entering its final judgment, the *Bautista* court granted three forms of class-wide relief: (1) habeas relief for the detainees named in the complaint; (2) a nationwide declaratory judgment that the Department of Homeland Security's ("DHS") internal policy regarding mandatory detention is unlawful; and, (3) nationwide vacatur of the same DHS internal policy under the Administrative Procedure Act. *Id.* at 1106–27.

---

[8] For instance, 8 U.S.C. § 1252(b)(9) does not divest this Court of its habeas jurisdiction because Mr. Saravia Lemus does not seek review of a removal order. *Duarte Escobar*, 807 F. Supp. 3d at 573–74 (citing *Jennings v. Rodriguez*, 583 U.S. 294–95 (2018) (plurality opinion)).

[9] 8 U.S.C. § 1252(g) likewise does not divest the Court of its habeas jurisdiction because this case does not involve commencement, adjudication, or execution of any immigration order. *Duarte Escobar*, 807 F. Supp. 3d at 574–75 ("[Section] 1252(g) does not apply 'to *all* claims arising from deportation proceedings.'" (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis added))).

Petitioner asserts that as a member of the class certified in *Bautista*, he is entitled to a bond hearing. (ECF No. 1 ¶¶ 1–11, 27–32.) However, on March 31, 2026, the United States Court of Appeals for the Ninth Circuit stayed the judgment entered in *Bautista*. *See Bautista v. Dep't Homeland Sec'y*, No. 26-1044, ECF No. 17 (9th Cir. Mar. 31, 2026). Accordingly, the Court cannot rely on *Bautista* court's final judgment.

**C.    Mr. Saravia Lemus is Entitled to a Bond Hearing Pursuant to 8 U.S.C. § 1226**

As an independent basis for relief, Mr. Saravia Lemus contends, by way of the briefing incorporated from *Duarte Escobar*, that his detention is governed by the discretionary detention provisions of § 1226 rather than the mandatory detention provisions in § 1225(b)(2). (*Duarte Escobar*, ECF No. 1 ¶¶ 3–5, 43–44.) According to Respondents, Mr. Saravia Lemus' detention is lawful under the INA because Mr. Saravia Lemus was not legally granted entry into the country and is therefore an "applicant for admission," meaning § 1225(b)(2) governs his detention. (*Duarte Escobar*, ECF No. 18, at 8–20.)

For the reasons stated by this Court in *Duarte Escobar*, as well as the dozens of other decisions issued by courts in this District on the same issue, this Court concludes that Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures. 807 F. Supp. 2d at 575–81.

Mr. Saravia Lemus has continuously resided in the United States for approximately twenty-eight years. (*See* ECF No. 1 ¶¶ 5, 19). He is thus not an "applicant for admission" subject to the mandatory detention provisions of § 1225 but rather falls within the discretionary detention provisions of § 1226(a) governing aliens who are already in the country. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–90, 303 (2018) (finding that § 1226(a) is the "default rule" governing "aliens already in the country" whereas § 1225 governs "aliens seeking admission into

the country").[10] For the reasons set out in *Duarte Escobar*, the plain text of the INA,[11] Supreme Court precedent, district court decisions around the country, and decades of practice support this conclusion. 807 F. Supp. 3d at 575–81. Petitioner is therefore entitled to a bond hearing under § 1226(a) and its implementing regulations.

---

[10] The Court observes that, for decades, "Immigration Judges have conducted bond hearings for aliens who entered the United States without inspection." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 n.6 (BIA 2025). But on July 8, 2025, "Acting Director of U.S. Immigration and Customs Enforcement, Todd M. Lyons, issued an internal memorandum explaining that the agency had 'revisited its legal position'" by determining that "[the mandatory detention provisions of section 1225] of the Immigration and Nationality Act (INA), rather than [the discretionary detention provisions of section 1226], is the applicable immigration detention authority for all applicants for admission." *Martinez v. Hyde*, 792 F. Supp. 3d. 211, 217–18 (D. Mass. 2025). The July 2025 memorandum characterized, seemingly for the first time, all noncitizens who entered the United States without inspection as doing so "seeking admission," no matter how much time passed between their entrance into the United States and their apprehension by law enforcement.

On September 5, 2025, the Board of Immigration Appeals ("BIA") released a precedential decision in *Matter of Yajure Hurtado* in line with Acting Director Lyons' memorandum. "Pursuant to the BIA's decision in *Hurtado*, nearly all noncitizens who entered the United States without inspection are now subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), rather than the discretionary detention provisions of 8 U.S.C. § 1226(a)." *Soto v. Soto*, 807 F. Supp. 3d 397, 401 (D.N.J. Oct. 22, 2025) (citing *Hurtado*, 29 I&N Dec. at 227–29).

The Court owes the BIA no deference in its interpretation of the INA and interprets §§ 1225 and 1226 *de novo*. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395–96 (2024). Indeed, the *Bautista* court found that *Matter of Yajure Hurtado* cannot be *controlling* law because it relies on a faulty statutory analysis, which *Bautista* rejected. 813 F. Supp. 3d at 1106; *see also Duarte Escobar*, 807 F. Supp. 3d at 580. While the United States Court of Appeals for the Ninth Circuit recently stayed enforcement of the nationwide relief, *Bautista v. Dep't Homeland Sec'y*, No. 26-1044, ECF No. 17 (9th Cir. Mar. 31, 2026), the Court agrees with the *Bautista* court's finding regarding *Yajure Hurtado*.

[11] As this Court explained in *Duarte Escobar*, § 1225 requires that an applicant be "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2). The statute's use of active language suggests that an alien must be taking *active* steps towards "seeking admission" to the United States. Presence in the country is not enough. *Duarte Escobar*, 807 F. Supp. 3d at 576. To find otherwise, as Respondents (again) ask this Court to do, would render other provisions of the INA superfluous. *Id.* at 576–77.

11

**D.    Mr. Saravia Lemus' Fifth Amendment Due Process Rights Have Been Violated**

Finally, Petitioner relies on the filings incorporated into this record from *Duarte Escobar* to argue that his detention without a bond hearing violates his due process rights under the Fifth Amendment's Due Process Clause. (*Duarte Escobar*, ECF No. 1 ¶¶ 53–58.) Respondents contend that Petitioner's due process rights are governed only by the INA, rather than the Fifth Amendment's Due Process Clause, and that even if Petitioner is subject to the Fifth Amendment's due process protections, denying him a bond hearing does not violate his constitutional rights.

For the reasons articulated in *Duarte Escobar*, the Court concludes that Mr. Saravia Lemus' due process rights are governed by the Fifth Amendment and that his continued detention under 8 U.S.C. § 1225 without a bond hearing violates his due process rights. 807 F. Supp. 3d at 581–84. Specifically, the Court finds that all three *Mathews* factors weigh in Mr. Saravia Lemus' favor: (1) he has a strong private interest in remaining free from physical detention; (2) there is a significant risk of erroneous deprivation of his due process rights because he is entitled to a bond hearing under § 1226(a) that he has not received; and, (3) respondents have failed to demonstrate a compelling government interest in detaining Petitioner without a bond hearing. *See Duarte Escobar*, 807 F. Supp. 3d at 581–84 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

**E.    The Court Will Order Respondents to Provide Mr. Saravia Lemus with a Bond Hearing During Which Respondents Bear the Burden of Proof**

Mr. Saravia Lemus requests either immediate release or a bond hearing. (ECF No. 1 ¶¶ 10–11.) In their response as incorporated from the briefing in *Duarte Escobar*, Respondents assert that a bond hearing is the only appropriate remedy and that at a bond hearing, Mr. Saravia

Lemus should bear the burden of establishing whether he is a flight risk or poses a risk of danger. (*Duarte Escobar*, ECF No. 18, at 28–29.)

For three reasons, the Court will order Respondents to provide Mr. Saravia Lemus with a bond hearing rather than immediate release. But the Court will require Respondents to bear the burden of proof at that bond hearing.

First, ordering a bond hearing allows the Court to tailor its remedy to the specific injury alleged by Mr. Saravia Lemus: deprivation of his access to a bond hearing. *Avelar Ramos*, 2026 WL 614875, at *5. Second, providing Mr. Saravia Lemus with a bond hearing aligns with the INA's statutory scheme, through which Congress and DHS, in enacting § 1226 and promulgating its implementing regulations, "have determined that an Immigration Judge is best situated to make a determination about whether an alien is a potential danger to the community or is a flight risk." *Id.* at *6. And third, the circumstances in which district courts within the jurisdiction of the United States Court of Appeals for the Fourth Circuit have ordered immediate release instead of a bond hearing do not exist here. *Id.* For example, this Court has neither been "confronted with petitioners who have been detained, released, and re-detained by immigration officials," nor with evidence of Respondents' failure to comply with this Court's orders. *See id.* The Court will therefore order Respondents to provide Petitioner with a bond hearing rather than order his immediate release.

The Court will require Respondents to carry the burden of proof at that bond hearing. As this Court explained in *Avelar Ramos*, given Respondents' "abject denial of [Mr. Saravia Lemus'] entitlement to a bond hearing, due process calls for additional safeguards to protect that

entitlement." 2026 WL 614875, at *7–8.[12]  Requiring Respondents to carry the burden of proof is one such safeguard.

Accordingly, the Court will order Respondents to provide Petitioner with a bond hearing during which Respondents will bear the burden of showing whether Mr. Saravia Lemus is a danger or a flight risk by clear and convincing evidence.

### IV.  Conclusion

Because § 1226(a) sets for "the default rule" for detaining and removing aliens "already present in the United States," *Jennings*, 583 U.S. at 202, Petitioner's detention is governed by § 1226(a).  Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge during which the government must prove by clear and convincing evidence that he poses a danger to the community or that he is a flight risk if Respondents seek to continue detaining Mr. Saravia Lemus.  8 U.S.C. § 1226(a); *Avelar Ramos*, 2026 WL 614875, at *7–8.  Unless Respondents meet that burden, Mr. Saravia Lemus' continued detention remains unlawful.

---

[12] In *Avelar Ramos*, this Court distinguished circumstances like those here—where a noncitizen petitioner detained under § 1226 was denied a bond hearing—from those addressed in the Fourth Circuit's decision in *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022).  *Avelar Ramos*, 2026 WL 614875, at *7–8.  As this Court explained, the *Miranda* court held that placing the burden of proof on a noncitizen to prove that he or she was not a risk of danger or a risk of flight did not violate due process because Miranda was afforded *three opportunities* to seek release from detention.  *Id.* (citing *Miranda*, 34 F.4th at 358–65).

The present situation, as in *Avelar Ramos*, differs from that at issue in *Miranda* because Mr. Saravia Lemus "has been denied access to a bond hearing entirely."  *Id.*; *see also Pineda-Medrano v. Bondi*, No. 1:25-cv-01870 (AJT), 2025 WL 3472152, at *3 n.5 (E.D. Va. Dec. 3, 2025) ("[N]owhere in [*Miranda*] did the Fourth Circuit hold—explicitly or implicitly—that the failure to comport with the procedures contemplated in section 1226(a), including the provision of a bond determination hearing, would also satisfy due process.").

For the reasons articulated above, the Court will grant Mr. Saravia Lemus' Petition, (ECF No. 1), and order that he be provided a bond hearing with an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

An appropriate Order shall issue.

Date: 6/24/26
Richmond, Virginia

_____ /s/
M. Hannah Lauck
Chief United States District Judge